IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| MARCIA JORDAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:23-cv-01258 |
| ) | Judge Trauger |
| TENNESSEE DEPARMENT OF ) | |
| CHILDREN'S SERVICES, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

Plaintiff Marcia Jordan has filed a pro se "Employment Discrimination Complaint" under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 1983, and § 50-1-304 of the Tennessee Code, claiming employment discrimination and retaliatory discharge by the defendant Tennessee Department of Children's Services and seeking monetary and equitable relief, including reinstatement. (Doc. No. 1 ("the Complaint").) She has attached to the Complaint a notice of her right to sue (Doc. No. 1-1) issued by the Equal Employment Opportunity Commission less than 90 days before her Complaint was filed. The plaintiff has also filed an application for leave to proceed in forma pauperis (IFP). (Doc. No. 2.)

**I. The Filing Fee**

The plaintiff's IFP application lists monthly expenses that exceed her monthly income. It therefore sufficiently demonstrates that she cannot pay the full civil filing fee in advance "without undue hardship." *Foster v. Cuyahoga Dep't of Health and Human Servs.*, 21 F. App'x 239, 240 (6th Cir. 2001). Accordingly, the IFP application (Doc. No. 2) is **GRANTED**. 28 U.S.C. § 1915(a).

**II. Initial Review**

    A. <u>Legal Standard</u>

The court must conduct an initial review and dismiss the Complaint if it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see also Ongori v. Hawkins*, No. 16-2781, 2017 WL 6759020, at *1 (6th Cir. Nov. 15, 2017) ("[N]on-prisoners proceeding in forma pauperis are still subject to the screening requirements of § 1915(e)."). Review for whether the Complaint states a claim upon which relief may be granted asks whether it contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," such that it would survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Although pro se pleadings must be liberally construed, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), the plaintiff must still "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," *Iqbal*, 556 U.S. at 678, upon "view[ing] the complaint in the light most favorable to the plaintiff[.]" *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009).

    B. <u>Analysis</u>

The Complaint's jurisdictional statement invokes "Title VII of the Civil Rights Act of 1964 for Employment Discrimination under 42 U.S.C. section 1983" (Doc. No. 1 at 1), and one subsequent line of the Complaint asserts that the plaintiff was passed over for promotion in violation of her Fourteenth Amendment rights, including her right to equal protection. (*Id.* at 3.) The Complaint claims that the defendant—an agency of the State of Tennessee—engaged in discriminatory and retaliatory employment practices; it alleges a failure to promote the plaintiff, a

"hostile work environment," and "retaliatory discharge in violation [of] Title VII" and state law. (*Id.* at 2–3, 5.) It also references and attaches a right-to-sue letter from the Equal Employment Opportunity Commission, which demonstrates pursuit of administrative remedies for claims under Title VII and other federal laws prohibiting employment-based discrimination/retaliation. Accordingly, the court construes the Complaint as primarily claiming employment discrimination under Title VII, and only invoking § 1983 with respect to the claim that the plaintiff was discriminated against when she was passed over for a promotion in favor of a less experienced candidate. (*See id.* at 3.)

Preliminary review of the Complaint reveals that its allegations fail to demonstrate a plausible claim to relief based on unlawful discrimination. After having been employed by the Tennessee Department of Children's Services for fifteen years and receiving good performance reviews, the plaintiff applied but was not selected for a promotion. The promotion was instead given to another female employee, Ms. Natalie Timms, on or about December 1, 2021. (Doc. No. 1 at 2.) Ms. Timms had allegedly been unfairly advantaged by the defendant during the application process and then became the plaintiff's supervisor, despite having only been employed by the defendant for three years. (*Id.* at 2–3.) The plaintiff and Ms. Timms had already had a contentious relationship as co-workers, which resulted in their having to work in separate office buildings. After her promotion, Ms. Timms treated the plaintiff with disdain, bullying and berating her in the office, heavily criticizing her work, and assigning her an unreasonably high volume of work. (*Id.* at 3–4.) The plaintiff complained to Ms. Timms' supervisor, Director Sherry May, to no avail. (*Id.*) Because of the unreasonably high volume of work assigned to her, the plaintiff received an "unfavorable performance briefing" within one month of Ms. Timms' promotion; shortly thereafter, the plaintiff was "written up and suspended." (*Id.* at 4.) She renewed her complaints to

Director May and requested reassignment to a different supervisor but was told that the only way to remove herself from Ms. Timms' supervision was to accept a demotion, which she refused to do. (*Id.*)

The plaintiff's health deteriorated under these working conditions, and she received accommodations under the Americans with Disabilities Act (ADA) and the Family and Medical Leave Act (FMLA). (*Id.*) Ms. Timms accused the plaintiff of abusing the sick leave process, failed to provide assistance to her because she was a "seasoned employee," and otherwise intimidated her and subjected her to a "hostile work environment." (*Id.* at 4–5.) The plaintiff was terminated on October 19, 2022 "while on active FLMA leave, which was why the Plaintiff made several complaints within the department as well as to the EEOC and was provided a right to sue letter." (*Id.* at 5.) She alleges that her "continuous reporting of [Ms. Timms'] discriminatory practices . . . was a substantial factor in [the defendant's] decision to terminate [her,] rather than her alleged failure in the performance of her job duties." (*Id.*)

"[B]oth Title VII and § 1983 prohibit discriminatory employment practices by public employers," and both require the plaintiff to "show that the employer made an adverse employment decision 'with discriminatory intent and purpose.'" *Weberg v. Franks*, 229 F.3d 514, 522 (6th Cir. 2000) (quoting *Boger v. Wayne County*, 950 F.2d 316, 324–25 (6th Cir. 1991)). For purposes of a § 1983 claim of discrimination in public employment, the Equal Protection Clause prohibits intentional discrimination based on protected classifications such as race or sex, *Inner City Contracting, LLC v. Charter Twp. of Northville, Michigan*, 87 F.4th 743, 758 (6th Cir. 2023), but does not prohibit a State employer from otherwise treating an individual "employee differently from others for a bad reason, or for no reason at all." *Engquist v. Oregon Dep't of Agr.*, 553 U.S. 591, 606–07 (2008) ("concluding that the class-of-one theory of equal protection," whereby

claimants may challenge arbitrary decisions by the State that treat similarly-situated individuals differently, "has no application in the public employment context"). Likewise, Title VII prohibits workplace discrimination by an employer (including the State) against an individual employee "because of such individual's race, color, religion, sex, or national origin[.]" 42 U.S.C. § 2000e-2(a). The statute also contains an anti-retaliation provision that prohibits an employer from discriminating against an employee "because [s]he has opposed any practice made an unlawful employment practice by this subchapter, or because [s]he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter." *Id.* § 2000e-3(a). Neither of these provisions is properly invoked if the adverse employment action that was taken against the plaintiff, and which the plaintiff subsequently opposed, was taken for a reason other than because of her race, color, religion, sex, or national origin. *See id.* § 2000e-5(g)(2)(A) ("No order of the court shall require . . . [equitable relief] or the payment . . . of any back pay, if such individual . . . was refused employment or advancement or was suspended or discharged for any reason other than discrimination on account of race, color, religion, sex, or national origin or in violation of section 2000e-3(a) of this title."); *Univ. of Texas Sw. Med. Ctr. v. Nassar*, 570 U.S. 338, 360 (2013) ("Title VII retaliation claims . . . require[] proof that the unlawful retaliation would not have occurred in the absence of the alleged [discriminatory] action or actions of the employer."); *Reid v. Memphis Pub. Co.*, 521 F.2d 512, 518 (6th Cir. 1975) (finding Title VII's language "plain and unambiguous"; its prohibitions "are aimed solely at discrimination" based on race, color, religion, sex, or national origin "and nothing else").

      Here, the Complaint does not allege that the plaintiff's alleged mistreatment was "because of" her race, color, religion, sex, or national origin, or because of her membership in some other protected class, but rather alleges that it was because of (1) Ms. Timms' personal animus towards

5

her and (2) the defendant's favoritism toward Ms. Timms and toleration of her management style. It therefore fails to state a plausible claim to relief for discrimination under the Equal Protection Clause, or for discrimination or retaliation under Title VII.

Notably, although the Complaint specifically charges the defendant with retaliatory discharge in violation of Title VII and state law, it also alleges that the plaintiff was discharged while on approved FMLA leave. (Doc. No. 1 at 5.) Under the FMLA, 29 U.S.C. § 2601 *et seq.*, employees are protected "in the event they suffer retaliation or discrimination for exercising their rights under the FMLA. Specifically, [a]n employer is prohibited from discriminating against employees . . . who have used FMLA leave, nor can they use the taking of FMLA leave as a negative factor in employment actions." *Marshall v. The Rawlings Co. LLC*, 854 F.3d 368, 376 (6th Cir. 2017) (quoting *Arban v. West Publ'g Corp.*, 345 F.3d 390, 403 (6th Cir. 2003)). "This prohibition includes retaliatory discharge for taking leave," *id.*—which appears to be the claim that the plaintiff pursued before the EEOC, and on which it issued her a right-to-sue letter. But the Complaint does not assert a claim under the FMLA (or the ADA), and the court declines to construe such a claim from the plaintiff's allegations, particularly as the State of Tennessee is immune from claims to monetary damages under the FMLA or ADA. *See Diaz v. Michigan Dep't of Corr.*, 703 F.3d 956, 961–66 (6th Cir. 2013); *Whitfield v. Tennessee*, 639 F.3d 253, 257 (6th Cir. 2011). Instead, the court will allow the plaintiff the opportunity, if she so desires, to file an amended complaint asserting such claims and seeking equitable, prospective relief such as reinstatement.

As to the plaintiff's supplemental state law claim for retaliatory discharge under § 50-1-304 of the Tennessee Code, that statute protects whistleblowers from discharge "solely for refusing to participate in, or for refusing to remain silent about, illegal activities." Tenn. Code Ann. § 50-

1-304(b). The statute expressly excludes from the definition of "illegal activities" any activities "prohibited under . . . federal laws prohibiting discrimination in employment." *Id.* § 50-1-304(a)(3)(B). Moreover, even if the Complaint's federal claims were to survive dismissal, any supplemental state-law claims against the State must be checked against the bar of the Eleventh Amendment. *Oneida Cnty., N.Y. v. Oneida Indian Nation of New York State*, 470 U.S. 226, 251 (1985) (citing *Pennhurst State School and Hospital v. Halderman*, 465 U.S. 89, 121 (1984)). As this court has previously determined, Eleventh Amendment sovereign immunity bars a suit against the State of Tennessee (through its Department of Children's Services) in federal court under § 50-1-304. *Dismukes v. Comm'r, Tennessee Dep't of Children's Servs.*, No. 3:04-0170, 2006 WL 1102584, at *8 (M.D. Tenn. Apr. 25, 2006) (dismissing Title VII claim for failure to establish prima facie case, and state law claims under, *e.g.*, § 50-1-304 on sovereign immunity grounds). Accordingly, the state-law claim for retaliatory discharge cannot proceed.

**III. Further Action**

As detailed above, the Complaint's Title VII and § 1983 claims are subject to dismissal for failure to state a claim upon which relief can be granted. The supplemental state-law claim under Tenn. Code Ann. § 50-1-304 is also subject to dismissal for failure to state a claim, as well as for seeking monetary relief against an immune defendant. 28 U.S.C. § 1915(e)(2)(B)(ii), (iii). Nevertheless, the court will give the plaintiff an opportunity to amend in order to clarify whether she intended to claim retaliatory discharge and seek appropriate relief under the FMLA or another federal statute.

Accordingly, the court will allow the plaintiff to file an Amended Complaint in response to this order within **30 DAYS** of the entry of the order. To facilitate any such filing that the plaintiff may wish to make, the Clerk is **DIRECTED** to provide her with a form for filing an employment

discrimination complaint (Pro Se Form 7). The plaintiff is cautioned that failure to file an Amended Complaint within 30 days (or to seek an extension of this deadline before it expires), or failure to keep the court apprised of her current address, will result in the dismissal of this action.

It is so **ORDERED**.

_____
Aleta A. Trauger
United States District Judge