IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| MARCIA JORDAN, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 3:23-cv-01258 |
| | ) Judge Trauger |
| TENNESSEE DEPARMENT OF CHILDREN'S SERVICES, | ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

On November 29, 2023, plaintiff Marcia Jordan filed a pro se "Employment Discrimination Complaint" under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 1983, and § 50-1-304 of the Tennessee Code, claiming employment discrimination and retaliatory discharge by defendant Tennessee Department of Children's Services and seeking monetary and equitable relief, including reinstatement. (Doc. No. 1.) She attached to the Complaint a notice of her right to sue (Doc. No. 1-1) issued by the Equal Employment Opportunity Commission (EEOC) less than 90 days before her Complaint was filed. The Complaint explained that the plaintiff was terminated on October 19, 2022, "while [she was] on active FLMA leave, which was why the Plaintiff made several complaints within the department as well as to the EEOC and was provided a right to sue letter." (Doc. No. 1 at 5.)

Upon initial review, the court found the plaintiff's Title VII and § 1983 claims, as well as her supplemental state-law claim under Tenn. Code Ann. § 50-1-304 (the Tennessee whistleblower law), subject to dismissal for failure to state a claim upon which relief can be granted. (Doc. No. 5.) But because she alleged (1) that she was terminated while on FMLA leave, and (2) that she had

made that claim during the administrative proceedings that produced her notice of suit rights, the court "g[a]ve the plaintiff an opportunity to amend in order to clarify whether she intended to claim retaliatory discharge and seek appropriate relief under the FMLA or another federal statute," such as the ADA. (*Id.* at 7.) The court noted that, because of the State of Tennessee's sovereign immunity,[1] the plaintiff could not pursue an award of damages under the FMLA or ADA but could seek "equitable, prospective relief such as reinstatement." (*Id.* at 6.) The court directed the Clerk to provide the plaintiff with a complaint form and allowed the plaintiff 30 days to file any amendment she wished the court to consider.

The plaintiff thereafter filed an Amended Complaint (Doc. No. 8), as well as a number of evidentiary exhibits. (Doc. Nos. 6–7, 9–12.) However, the plaintiff elected not to use the complaint form provided by the Clerk, aside from its caption and certificate of service. (*See* Doc. No. 8 at 1, 5.) She also elected not to make explicit claims of retaliatory discharge on account of her FMLA leave status or disability, or to request any relief. The Amended Complaint shifts from claiming employment discrimination as the original Complaint had, and instead claims "fraud" allegedly perpetrated by the defendant, which the plaintiff allegedly reported to "The United States federal Unemployment and Human Service's Inspector General's Office." (*Id.* at 1.) Fraud is claimed on two fronts: (1) the defendant fraudulently recorded the plaintiff's termination as a resignation, and (2) the defendant implemented a fraudulent scheme to induce the federal government to pay undue monies for Tennessee foster children to receive healthcare, when the state should have borne those costs. (*See id.* at 2–3.) As a result of reporting her managers' requests "to make children eligible for Federal benefits[] who were not eligible by taking out State verifications that Federal auditors[]

---

[1] The Department of Children's Services, a state agency, is fully protected by the State's sovereign immunity. *Mikel v. Quin*, 58 F.4th 252, 257 (6th Cir.), *cert. denied sub nom. Mikel v. Nichols*, 143 S. Ct. 2660, 216 L. Ed. 2d 1238 (2023).

had no way of seeing," the plaintiff was allegedly "reta[liat]ed against" in matters of advancement, promotion, and the award or honoring of "FMLA rights for job security" and "ADA Accommodations benefits/rights." (Doc. No. 8 at 3.)

The court's jurisdiction over this lawsuit between a Tennessee resident and a Tennessee agency (*see* Doc. No. 1 at 1–2) depends upon the existence of a federal question. *Barber v. Standard Fuel Eng'g Co.*, No. 22-11601, 2023 WL 143329, at *2 (E.D. Mich. Jan. 10, 2023) ("'Absent diversity of citizenship, federal-question jurisdiction is required' for a district court to have original jurisdiction.") (quoting *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987)). "[T]he presence or absence of federal-question jurisdiction is governed by the well-pleaded complaint rule, which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Id.* (quoting *Rivet v. Regions Bank*, 522 U.S. 470, 475 (1998)). Consistent with this rule, the court declines to liberally construe the Amended Complaint's bare reference to the plaintiff's termination while she "was currently on active FMLA, ADA Accommodations approved" (Doc. No. 8 at 1) as a claim for violations of her rights under one or both of those statutes. Three additional reasons support this outcome: (1) the Amended Complaint is devoid of further factual allegations explaining the plaintiff's ability (or inability) to work;[2] (2) the Amended Complaint alleges that the plaintiff was terminated and otherwise retaliated against because she "reported Fraud to [her] management" (*id.* at 3), rather than because she requested or received FMLA leave or ADA accommodations; and (3) the Amended Complaint fails to request relief awardable against a state agency under those statutes.

---

[2] *See Schobert v. CSX Transportation Inc.*, 504 F. Supp. 3d 753, 786–87 (S.D. Ohio 2020) (stating that "an employee seeking FMLA leave is by nature arguing that he cannot perform the functions of the job, while an employee requesting a reasonable accommodation communicates that he can perform the essential functions of the job") (quoting *Acker v. Gen. Motors, L.L.C.*, 853 F.3d 784, 791–92 (5th Cir. 2017)).

Although the Amended Complaint could be liberally construed to assert a claim under the federal Whistleblower Protection Act of 1989 (WPA), 5 U.S.C. § 2302 *et seq.*, that Act does not protect state government employees, *Bodman v. Maine, Dep't of Health & Hum. Servs.*, 720 F. Supp. 2d 115, 124 n.10 (D. Me. 2010), but only "federal employees reporting misconduct by federal agencies." *Siegler v. The Ohio State Univ.*, No. 2:10-CV-172, 2011 WL 1990548, at *3 (S.D. Ohio May 23, 2011); *see Kurth v. Gonzales*, 469 F. Supp. 2d 415, 421–22 (E.D. Tex. 2006) (stating that the "WPA protects federal employees from certain adverse employment actions taken because the employee reported or made disclosures of wrongdoing by his employer"). Nor would First Amendment protections apply to the kind of speech alleged in the Amended Complaint: whistleblowing speech by a state employee in the course of performing her official duties. *See Fox v. Traverse City Area Pub. Sch. Bd. of Educ.*, 605 F.3d 345, 348–49 (6th Cir. 2010); *Leslie v. Johnson*, 241 F. App'x 305, 307 (6th Cir. 2007). Finally, the federal "False Claims Act does not subject a State (or state agency) to liability" for defrauding the U.S. Government, *Vermont Agency of Nat. Res. v. U.S. ex rel. Stevens*, 529 U.S. 765, 787–88 (2000), so the court declines to liberally construe the Amended Complaint to claim retaliatory discharge under that statute. In short, the Amended Complaint fails to assert a cause of action under federal law. It therefore fails to state a claim within this court's jurisdiction and must be dismissed on that basis.

For these reasons, and for the reasons given in the court's prior order (Doc. No. 5), this case is **DISMISSED** under 28 U.S.C. § 1915(e)(2)(B)(ii). This dismissal is without prejudice to the plaintiff's ability to seek appropriate relief under the Tennessee whistleblower or false claims laws, or any other state law, in state court.

This is the final order in this action. The Clerk **SHALL** enter judgment. Fed. R. Civ. P. 58(b)(1).

It is so **ORDERED**.

_____
Aleta A. Trauger
United States District Judge