IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| MARCIA JORDAN, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 3:23-cv-01258 ) Judge Trauger |
| TENNESSEE DEPARMENT OF CHILDREN'S SERVICES, | ) ) ) |
| Defendant. | ) ) |

## MEMORANDUM AND ORDER

This pro se case, filed in forma pauperis by plaintiff Marcia Jordan, was dismissed upon initial review of the original and amended complaints under 28 U.S.C. § 1915(e)(2)(B)(ii), for failure to state a claim within the court's jurisdiction. (Doc. No. 13.) Judgment entered against the plaintiff on April 17, 2024. (Doc. No. 14.)

On May 9 and 10, 2024, the plaintiff made three post-judgment filings in this action: (1) a motion for a hearing, wherein she stated that she had "served the [defendant and] waited the time period," so was "requesting a hearing date & time" (Doc. No. 15); (2) a motion to reinstate her employment discrimination claim (Doc. No. 16); and (3) a Second Amended Complaint. (Doc. No. 17.)

The motion for a hearing (Doc. No. 15) is **DENIED**. Process did not issue upon the plaintiff's initial filings, and even if the plaintiff independently served copies of those filings upon the defendant, no hearing of this matter is proper before service of a court-issued summons on the defendant. *See In re N.A.A.C.P., Special Contribution Fund*, 849 F.2d 1473 (Table), 1988 WL 61504, at *3 (6th Cir. June 13, 1988) ("The mere mailing of pleadings to a party is not an adequate

substitute for service of process. Rule 4 of the Federal Rules of Civil Procedure mandates that a summons must issue from the court and be served upon the party.").

The court construes the plaintiff's post-judgment motion to reinstate her employment discrimination claim (Doc. No. 16) together with her Second Amended Complaint "for Employment Discrimination" (Doc. No. 17) as an attempt to win relief from the judgment under Rule 59(e) of the Federal Rules of Civil Procedure. *See Huff v. Metro. Life Ins. Co.*, 675 F.2d 119, 122 (6th Cir. 1982) ("Rule 59(e) may be utilized in timely attempts to vacate judgment" and reinstate case to active docket). These filings were received in this court on May 10, 2024. They were thus filed within 28 days of the court's April 17 judgment of dismissal and are therefore timely under Rule 59(e). *See* Fed. R. Civ. P. 59(e) (allowing "[a] motion to alter or amend a judgment . . . [if] filed no later than 28 days after the entry of the judgment"). "Under Rule 59, a court may alter the judgment based on: (1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *Gen. Motors, LLC v. FCA US, LLC*, 44 F.4th 548, 563 (6th Cir. 2022) (quoting *Clark v. United States*, 764 F.3d 653, 661 (6th Cir. 2014)). In this case, the only potential ground upon which to award Rule 59(e) relief would be the need to prevent manifest injustice.

As recounted in the court's prior orders, the original complaint invoked Title VII as a basis for the court's jurisdiction and attached a copy of the plaintiff's right-to-sue letter from the EEOC. Though the complaint alleged that the plaintiff filed with the EEOC because she was terminated while on medical leave, it did not assert jurisdiction or explicitly claim relief under the Family Medical Leave Act (FMLA) or the Americans with Disabilities Act (ADA), but only mentioned that accommodations under those statutes had been approved for the plaintiff but subsequently denied. (Doc. No. 1 at 4–5.) The court therefore allowed an amended complaint and directed that

2

the plaintiff be provided with a form for filing an employment discrimination complaint, Pro Se Form 7. The plaintiff subsequently filed an "Amendment to Complaint" (Doc. No. 8), but did not utilize the complaint form provided, did not refer to the court's initial review order, and did not make more than passing reference to FMLA or ADA rights, focusing instead on claims of fraud against the defendant. The court declined to construe the amended complaint as asserting any FMLA, ADA, or other claim within the court's federal-question jurisdiction and dismissed the case. (Doc. No. 13.)

The plaintiff's Second Amended Complaint is filed on the form (Pro Se Form 7) provided by the court. It contains the plaintiff's remark that she "just got this form." (Doc. No. 17 at 5.) Whatever the reason for the delay,[1] there now appear to be grounds for believing that the plaintiff had not received the Clerk's mailing of the complaint form and the court's initial review order at the time she filed her first amended complaint and other exhibits (Doc. Nos. 6–12). In an abundance of caution, the court will construe the Second Amended Complaint to be the amendment invited by the court after it found the original complaint subject to dismissal.

The Second Amended Complaint names as defendants the Tennessee Attorney General and the plaintiff's former employer, the Tennessee Department of Children's Services. (Doc. No. 17 at 1.) It continues to invoke Title VII to claim discrimination and retaliation based on race and color. But once more, the plaintiff has failed (as she did in her original complaint) to support these claims with sufficient facts to survive initial review. The only allegations associated with these claims are that the defendant (1) "treated [the plaintiff] as if [she] wasn't part of [the] human race"

---

[1] The court notes that the Second Amended Complaint provides a residential address for the plaintiff (see Doc. No. 17 at 1) that is different from her mailing address of record, which is a post office box. (See also Doc. No. 1 at 2 ¶ 4.) The plaintiff is advised that it is her responsibility to check her post office box frequently enough to ensure timely compliance with any deadline imposed by the court or by the procedural rules (Federal or Local) applicable to this case.

3

Case 3:23-cv-01258 Document 20 Filed 06/17/24 Page 3 of 5 PageID #: 209

and (2) favored a white employee by allowing her to work in Clarksville. (Doc. No. 17 at 4.) No plausible right to relief can reasonably be inferred from these minimal, conclusory allegations. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (requiring plaintiff to "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged").

However, for the first time, the plaintiff in her Second Amended Complaint explicitly asserts jurisdiction and claims relief under the ADA, alleging that she was discriminated against on the basis of her disability or perceived disability when she was denied permission to attend appointments for medical treatment and assigned the whole 19-county "A-Z caseload," in order to make her "the Fallperson" by requiring work her disability prevented her from performing. (*Id.* at 4.) She refers to her previously filed exhibits for additional facts (*id.*) and seeks relief that includes equitable remedies such as effective reinstatement of her employment with the defendant. (*Id.* at 5.) Construing these allegations liberally and in the plaintiff's favor against the backdrop of her prior filings in this case, they are sufficient at this early stage to support a nonfrivolous ADA claim. Because of the alleged delay in receiving the court's mailings, and because the viability of the ADA claim potentially depends on its connection to the right-to-sue letter attached to the plaintiff's original complaint (to which no subsequent, re-filed suit would stand in timely relation), the court finds that the plaintiff has established a need to re-open this lawsuit in order to prevent manifest injustice.

Accordingly, in the interest of justice and considering the plaintiff's pro se status, the court **GRANTS** the plaintiff's motion (Doc. No. 16) to alter the judgment and reinstate the case. The Clerk **SHALL** reopen the file of this case. In light of this reopening, the plaintiff's most recent motion "not to dismiss" the case (Doc. No. 18) is **DENIED** as moot.

As explained above, the Second Amended Complaint states a nonfrivolous claim that will proceed for further development.[2] Accordingly, the Clerk is **INSTRUCTED** to send the plaintiff a service packet (blank summons and USM 285 form) for each of the named defendants. The plaintiff **MUST** complete the service packets and return them to the Clerk's Office within **30 DAYS** of the date of this Order. Upon return of the completed service packets, **PROCESS SHALL ISSUE**.

This action is **REFERRED** to the Magistrate Judge to enter a scheduling order for the management of the case, to dispose or recommend disposition of any pretrial motions under 28 U.S.C. §§ 636(b)(1)(A) and (B), and to conduct further proceedings, if necessary, under Rule 72(b) of the Federal Rules of Civil Procedure and the Local Rules of Court.

The plaintiff is cautioned that she must keep the court informed of her current address at all times. Noncompliance may result in dismissal of this action for failure to prosecute. *See* Fed. R. Civ. P. 41(b); Local Rule 41.01(b). Additional resources for pro se litigants, including forms, handbooks, and information sheets, are available on the court's website. *See* https://www.tnmd.uscourts.gov/representing-yourself-federal-court.

It is so **ORDERED**.

_____
Aleta A. Trauger
United States District Judge

---

[2] The determination that the Second Amended Complaint states a colorable claim for purposes of initial review does not preclude the court from dismissing any claim at any time for the reasons set forth in 28 U.S.C. § 1915(e)(2), nor does it preclude any defendant from filing a motion to dismiss any claim under Federal Rule of Civil Procedure 12.