| | |
|---|---|
| MARCIA JORDAN ) | |
| ) | |
| v. ) | Case No. 3:23-cv-01258 |
| ) | (Consolidated with |
| TENNESSEE DEPARTMENT OF ) | Case No. 3:24-cv-00834) |
| CHILDREN'S SERVICES ) | |

TO: Honorable Aleta A. Trauger, United States District Judge

### R E P O R T   A N D   R E C O M M E N D A T I O N

These consolidated *pro se* lawsuit is on referral to the Magistrate Judge for pretrial proceedings. *See* Order entered June 17, 2024 (Docket Entry No. 20) in Case No. 3:23-cv-01258 ("2023 Case").[1]

Pending before the Court is the motion (Docket Entry No. 29)[2] of Defendant Tennessee Department of Children's Services to partially dismiss Plaintiff's third amended complaint. The motion is opposed by Plaintiff. For the reasons set out below, the undersigned respectfully recommends that the motion be **GRANTED**.

### I.  BACKGROUND

Marcia Jordan ("Plaintiff") is a resident of Nashville, Tennessee, and is a former employee of the Tennessee Department of Children's Services ("Defendant" or "TNDCS"). Plaintiff began working for Defendant in 2007 and was separated from her employment on or about October 19, 2022. Plaintiff maintains that she suffered various forms of discrimination, retaliation, and other

---

[1] See also Order entered August 12, 2024 (Docket Entry No. 11) in Case No. 3:24-cv-00834 ("2024 Case").

[2] Unless otherwise noted, all references herein to Docket Entry Nos. are to docket entries in the 2023 Case.

unlawful activity beginning in 2021 and continuing until her separation from employment. Prior to filing her lawsuit, Plaintiff filed charges of discrimination with the Equal Opportunity Employment Commission ("EEOC") on August 23, 2022 (Charge # 494-2022-02008), and November 3, 2022 (Charge #494-2023-00297), alleging wrongful discrimination and retaliation, and she received a Determination and Notice of Rights ("right-to-sue letter") on or about September 8, 2023.

Plaintiff then initiated the instant litigation against Defendant by filing the 2023 Case, with a complaint and an application to proceed *in forma pauperis* that were filed on November 29, 2023. Upon initial review of the complaint under 28 U.S.C. § 1915(e)(2), the Court found that Plaintiff's allegations failed to demonstrate plausible claims of unlawful discrimination or retaliatory discharge based on the actual legal claims that were asserted in complaint (Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e-5 *et seq.* ("Title VII"); 42 U.S.C. § 1983; and § 50-1-304 of the Tennessee Code), but the Court granted Plaintiff leave "to amend in order to clarify whether she intended to claim retaliatory discharge and seek appropriate relief under the FMLA or another federal statute" instead of dismissing the lawsuit. *See* Memorandum and Order entered January 23, 2025 (Docket Entry No. 5).

Plaintiff thereafter filed an amended complaint (Docket Entry No. 8), as well as a number of evidentiary exhibits. (Docket Entry Nos. 6-7, 9-12), but the amended complaint both failed to cure the deficiencies of the original complaint and failed to otherwise assert a plausible claim under federal law. Accordingly, the Court dismissed the lawsuit under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim, *see* Memorandum Order entered April 17, 2024 (Docket Entry No. 13), and judgment was entered against Plaintiff. *See* Docket Entry No. 14.

Plaintiff made several post-judgment filings, including a second amended complaint (Docket Entry No. 17), which the Court construed as a request for relief from the judgment under Rule 59 of

the Federal Rules of Civil Procedure. *See* Memorandum and Order entered June 17, 2024 (Docket Entry No. 20). Although the Court found that the second amended complaint continued to lack allegations that were sufficient to support a plausible claim under Title VII, the Court found that the amendment contained allegations that were sufficient to state a plausible claim of disability discrimination under the Americans with Disabilities Act, 42 U.S.C. §§ 12102, *et seq*. ("ADA"), and, in the interest of justice and in consideration of Plaintiff's *pro se* status, the Court re-opened the case and directed Plaintiff to return a completed service packet for Defendant to the Clerk's Office so that process could issue in the case. *Id.* at 4-5.

Despite the Court's clear and simple instruction, however, on July 10, 2024, Plaintiff presented the Clerk's Office with a different complaint than the second amended complaint that had been filed in the 2023 Case and paid a filing fee. The Clerk's Office opened the 2024 Case as a second and separate case and a summons was issued that day in the 2024 Case only. Some weeks later, Plaintiff provided the Clerk's Office with a completed service packet for the 2023 Case, and a summons and the second amended complaint in that case were promptly served upon Defendant.

Upon the filing of several motions by the parties about confusion caused by the two separate but seemingly the same cases, the Court consolidated the two cases in accordance with Federal Rule of Civil Procedure 42(a), denied without prejudice Defendant's then pending motion to dismiss the 2024 Case, and directed that:

> Plaintiff shall file a new, single amended complaint that will become the operative pleading in the consolidated cases. Plaintiff should take to clearly set out all of her claims and allegations in the new amended complaint because further amendments by her will not be permitted without a showing of exceptional cause and circumstance.

*See* Order entered October 25, 2024 (Docket Entry No. 25).

Plaintiff thereafter filed a third amended complaint (Docket Entry No 26) that is now the operative pleading in this lawsuit.[3] Seeking compensatory damages, punitive damages, and injunctive relief, Plaintiff states that she brings causes of action for "Employment Discrimination Based on Age, Disability and Retaliation." (*Id*. at 1.)  In her jurisdictional statement, she specifically relies on the ADA, the Age Discrimination in Employment Act, 29 U.S.C. §§ 621 *et seq*. ("ADEA"), and the Fourteenth Amendment as the basis for her federal claims, and she refers to the Tennessee Human Right Act, Tenn.Code.Ann. §§ 4-21-101 *et seq*. ("THRA") and Section 501-1-304 of the Tennessee Code when asserting supplemental jurisdiction over state law claims. (*Id*. at ¶¶ 1-2.) In a manner that is still somewhat confusing,[4] Plaintiff sets out the following as her claims:

1. disability and age discrimination, harassment, and infliction of emotional distress (*id*. at ¶¶ 7-10);

2. failure to accommodate (*id*. at ¶¶ 12-17);

3. retaliatory discharge (*id*. at ¶¶ 18-22);

4. age and disability discrimination in violation of the equal protection and due process clause of the 14th Amendment (*id*. at ¶¶ 23-27);

5. discrimination in violation of the ADA (*id*. at ¶¶ 28-31);

6. retaliation in violation of T.C.A. § 50-1-304 (*id*. at ¶¶ 32-35); and

7. negligent hiring retention, and supervision (*id*. at ¶¶ 36-39).

---

[3] Unless otherwise noted, the Court shall hereinafter refer to the consolidated cases as a singular "case," "lawsuit," or "action."

[4] For some reason, Plaintiff sets out both "counts I, II, and III," and also "first, second, third, and fourth causes of action." For ease of reference, however, the Court simply sets out Plaintiff's claims as they are sequentially listed in the third amended complaint.

## II.  MOTION TO DISMISS AND RESPONSE

In lieu of filing an answer to the third amended complaint, Defendant filed the pending motion.  Defendant moves for partial dismissal of Plaintiff's third amended complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and (6). Defendant argues that: (1) Plaintiff's 14th Amendment claim is time barred; (2) Plaintiff failed to exhaust her administrative remedies for any federal claim of age discrimination; (3) Plaintiff cannot pursue a claim against Defendant for punitive damages under the ADA; and, (4) because of sovereign immunity, the Court lacks jurisdiction to hear Plaintiff's state law claims for a violation of the Tennessee Public Protection Act, Tenn.Code.Ann. §§ 501-1-304, *et seq.*, as well as her claims for negligent hiring, retention and supervision, and harassment and intentional infliction of emotional distress.  *See* Motion to Dismiss (Docket Entry 29).

In her response to the motion, Plaintiff concedes that she cannot seek punitive damages against Defendant under the ADA, but she disputes Defendant's other arguments for dismissal of her claims.  *See* Response (Docket Entry No. 35)

## III. STANDARDS OF REVIEW

Rule 12(b)(1) of the Federal Rules of Civil Procedure governs dismissal for lack of subject matter jurisdiction.  "Rule 12(b)(1) motions to dismiss ... generally come in two varieties: a facial attack or a factual attack." *Gentek Bldg. Prods., Inc. v. Sherwin–Williams Co.*, 491 F.3d 320, 330 (6th Cir. 2007).  A sovereign immunity assertion, as here, constitutes a factual attack. *Dunn v. Spivey*, 2009 WL 1322600, at *3 (M.D.Tenn. May 11, 2009).  When "considering a factual attack upon the court's jurisdiction, no presumption of truth applies to the plaintiff's factual allegations, and the court is free to weigh the evidence and resolve factual disputes so as to satisfy itself as to the existence of its power to hear the case." *Id*. (internal citation and quotation marks omitted).  "In its

review, the district court has wide discretion to allow affidavits, documents, and even a limited evidentiary hearing to resolve jurisdictional facts." *Gentek*, 491 F.3d at 330. "The entity asserting [sovereign] immunity has the burden to show that it is entitled to immunity, i.e., that it is an arm of the state." *Gragg v. Ky. Cabinet for Workplace Dev.*, 289 F.3d 958, 963 (6th Cir. 2002).

In reviewing a motion brought under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court must accept the well-pleaded material allegations of the pleadings as true. *Fritz v. Charter Township of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010). However, the pleadings must provide the grounds for Plaintiff's entitlement to relief and consist of more than "labels and conclusions." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662 (2009). The well pleaded factual allegations must show a plausible right to relief. *Twombly*, 550 U.S. at 555-61.

To state a plausible claim for relief, the alleged facts must provide "more than a sheer possibility that a defendant has acted unlawfully." *Mik v. Federal Home Loan Mortg. Corp.*, 743 F.3d 149, 157 (6th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678). Plaintiff's factual allegations must "do more than create speculation or suspicion of a legally cognizable cause of action; they must show entitlement to relief." *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007) (citing *Twombly*, 550 U.S. at 555). Although the Court is required to give the pleadings of *pro se* litigants a liberal construction, *see Boswell v. Mayer*, 169 F.3d 384, 387 (6th Cir. 1999), the Court cannot supply or assume facts that are not pled or create claims for a party that are not pled. *Bell v. Tennessee*, No. 1:11-cv-14, 2012 WL 996560 at *9 (E.D. Tenn. March 22, 2012) (quoting *Thompson v. A.J. Rose Mfg. Co.*, 208 F.3d 215 (6th Cir. 2000).

In reviewing motions to dismiss, the court should generally not consider matters outside the pleadings. However, here, Plaintiff's charges of discrimination, which are attached to Defendant's

motion, are appropriately considered because they are a public record and because they are also referred to by Plaintiff in her pleadings and are central to her claims. *Bassett v. National Collegiate Athletic Assn.*, 528 F.3d 426, 430 (6th Cir. 2008).

## IV. ANALYSIS

After review of the parties' filings, the Court finds that the motion for partial dismissal is appropriately granted because sound legal grounds exist that require the dismissal of Claim Nos. 3, 4, 6, and 7, as well as all parts of Claim Nos. 1 and 2 that do not rely upon the ADA as the legal basis for relief.

### A. Scope Plaintiff's Third Amended Complaint

As an initial matter, the Court notes that Plaintiff repeatedly refers in her response to racial discrimination and to Title VII. (Docket Entry No. 35 at ¶¶ 1-2, 11, and 15-18.) However, the third amended complaint does include allegations of racial discrimination and does not set out any racial discrimination claims under Title VII. Accordingly, racial discrimination claims and claims brought under Title VII are not claims in this lawsuit.

The Court also notes that Plaintiff's claims of retaliatory discharge, Claims Nos. 3 and 6, are specifically asserted as claims for violations of Tenn.Code.Ann. § 50-1-304 in the third amended complaint. (Docket Entry No. 26 ¶¶ 1-2, 22, and 33-35.) Despite the Court's prior statement to Plaintiff that such a claim was subject to dismissal and that she needed to use the opportunity to amend "in order to clarify whether she intended to claim retaliatory discharge and seek appropriate relief under the FMLA or another federal statute," *see* January 23, 2024 Order (Docket Entry No. 5) at 7, Plaintiff has not clarified that the retaliatory discharge claims that she now brings are based on the anti-retaliation provisions of either the ADA or the FMLA. Given the fact that Plaintiff continues to specifically rely in her final amendment upon state law as the basis for the claims

7

despite the Court's prior direction about the need to clarify the basis for such a claim, the Court declines to construe her claims as anything other than the state law claims that she has actually alleged.

**B. Fourteenth Amendment Claim (Claim No. 4)**

This claim must be dismissed. Plaintiff alleges in her third amended complaint that Defendant violated the Fourteenth Amendment by discriminating against her on the basis of her age and disability. (Docket Entry No. 26 at 7.) However, Plaintiff cannot assert a direct constitutional claim under the Fourteenth Amendment against a state agency such as Defendant because 42 U.S.C. § 1983 provides the exclusive remedy for constitutional claim against defendants who have acted under color of state law. *Accord v. Anderson Cnty., Tennessee*, 2022 WL 16825411, at *5 (6th Cir. Nov. 8, 2022) ("Put simply, parties can no longer bring a direct constitutional action where § 1983 applies."); *Foster v. Michigan*, 573 F.App'x 377, 391 (6th Cir. 2014) ("To the extent that Appellants attempt to assert direct constitutional claims, they fail; we have long held that § 1983 provides the exclusive remedy for constitutional violations."); *Communities for Equity v. Michigan High Sch. Athletic Ass'n*, 459 F.3d 676, 681 (6th Cir. 2006) (Section 1983 is the statutory vehicle for seeking a remedy for the violation of federal constitutional rights by a state actor); *Slaybaugh v. Rutherford Cnty., Tennessee*, 688 F.Supp.3d 692, 698 (M.D.Tenn. 2023).

Even if the Court were to view this claim as being a claim brought under 42 U.S.C. § 1983,[5] Defendant is correct in arguing that the claim is untimely. The statute of limitations for § 1983 claims that arise in Tennessee is the one-year limitations period set out in Tenn. Code Ann. § 28-3-104(a)(1)(B). *Roberson v. Tennessee*, 399 F.3d 792, 794 (6th Cir. 2005). Plaintiff's claim is

---

[5] *See Wooten v. Bates*, 101 F.App'x 14, 16 (6th Cir. 2004) ("It is not improper for a district court to construe a complaint alleging a constitutional violation by a state official as arising under 42 U.S.C. § 1983 even if that statute is not specifically cited in the pleading.").

8

based upon workplace events, the latest of which is alleged to be her termination from employment on October 19, 2022. (Docket Entry No. 26 at ¶ 21.) Plaintiff's lawsuit was not filed until November 29, 2023, and is thus untimely on its face as to this claim. When the allegations of a complaint affirmatively show that a claim is time-barred, dismissing the claim under Rule 12(b)(6) is appropriate. *Cataldo v. U.S. Steel Corp.*, 676 F.3d 542, 547 (6th Cir. 2012).

Plaintiff's argument that the four-year statute of limitations for claims brought under 42 U.S.C. § 1981 should apply to her constitutional claim has no merit. First and foremost, Plaintiff has not brought a claim under § 1981. Second, the law is well settled that the one-year statute of limitations period set out in Tenn. Code Ann. § 28-3-104(a)(1)(B) applies to § 1983 claims that arise in Tennessee. *Howell v. Farris*, 655 F. App'x 349, 351 (6th Cir. 2016); *Roberson*, *supra*; *Berndt v. Tennessee*, 796 F.2d 879, 883 (6th Cir. 1986). *See also Haley v. Clarksville-Montgomery Cnty. Sch. Sys.*, 353 F.Supp.3d 724, 730 (M.D.Tenn. 2018) (declining to apply catch-all four-year statute of limitations to § 1983 claims).

Plaintiff also appears to argue that the statute of limitations for this claim did not begin to run until she received her right-to-sue letter. (Docket Entry No. 35 at ¶ 18.) This argument is also meritless. The time limit to pursue a § 1983 claim is not tolled by the pendency of an administrative charge of discrimination. *Jones v. City of Cincinnati*, 2024 WL 707288, at *10 (S.D.Ohio Feb. 21, 2024)

**C. Age Discrimination Claim (Claim No. 1)**

Plaintiff's first claim includes allegations of age discrimination. Although Plaintiff does not reference ADEA in the statement of the claim, the jurisdictional statement of the third amendment complaint clearly identifies the ADEA as a basis for this claim, *see* Docket Entry No. 26 at ¶¶ 1 and 7-11, and the Court therefore construes it as such.

In order to litigate an ADEA claim in federal court, Plaintiff must have first brought an administrative charge of discrimination that included allegations of age discrimination. *Davis v. Sodexho, Cumberland Coll. Cafeteria*, 157 F.3d 460, 463 (6th Cir. 1998). Plaintiff did not do this. Contrary to her contention that her charges of discrimination asserted discrimination claims based on age, *see* Docket Entry No. 35 at ¶ 11, the two charges of discrimination that she filed (Docket Entry Nos. 30-1 and 30-2) clearly and unequivocally asserted only claims of disability discrimination and retaliation. Furthermore, the administrative charges did not include any allegations whatsoever related to age discrimination. (*Id*.) A claim of age discrimination cannot be reasonably viewed as related to or expected to grow out of the administrative charges that were filed by Plaintiff, and her claim of age discrimination was not exhausted by the charges that she filed. *Davis*, 157 F.3d at 464 (charges of racial discrimination and retaliation did not give notice of age discrimination claim); *Gant v. S Means, LLC*, 2020 WL 2512826, at *3-4 (M.D.Tenn. May 15, 2020) (Campbell, J.) (plaintiff cannot pursue a new and distinct basis of discrimination that was not expressly stated or even alluded to in the charge of disability discrimination that was filed). Accordingly, Plaintiff's ADEA claim was not administratively exhausted and must be dismissed.

**D. State Law Claims**

Defendant argues that the doctrine of sovereign immunity under the Eleventh Amendment prevents the Court from exercising subject matter jurisdiction over Plaintiff's attempt to sue Defendant, a state agency, in federal court based on state law tort claims of (1) retaliatory discharge in violation of Tenn. Code. Ann. 50-1-304, (2) negligent hiring, retention and supervision, and (3) harassment and intentional infliction of emotional distress. After review of the parties' filings on the issue, the Court agrees with Defendant that these claims must be dismissed.

Principles of sovereign immunity stringently protect a State from being sued in federal court. *Seminole Tribe of Fla. v. Fla.*, 517 U.S. 44, 54 (1996); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 97-101 (1984). A state agency, such as Defendant, is protected by a State's sovereign immunity in the same manner as the State itself. *Mikel v. Quin*, 58 F.4th 252, 256-57 (6th Cir. 2023). Generally, the protection of sovereign immunity does not bar a lawsuit in two types of circumstances: (1) where Congress has properly abrogated the States' immunity; and (2) where a State has explicitly consented to being sued in federal court. *Torres v. Texas Dep't of Pub. Safety*, 597 U.S. 580, 587-88 (2022); *Latham v. Office of Att'y Gen. of Ohio*, 395 F.3d 261, 270 (6th Cir. 2005).[6]

Neither exception applies to this lawsuit. Plaintiff argues in her response that the statutory grant of supplemental jurisdiction to the federal courts to hear state law claims under 28 U.S.C. § 1367(a) is sufficient to confer on this Court subject matter jurisdiction over her state law claims. (Docket Entry No. 35 at ¶¶ 3-7.) This argument has no merit. The Supreme Court has clearly held that Congress's general grant of supplemental jurisdiction over state law claims through § 1367(a) is not an abrogation of a State's sovereign immunity against such claims. *Raygor v. Regents of Univ. of Minnesota*, 534 U.S. 533, 541-42 (2002) ("we hold that § 1367(a)'s grant of jurisdiction does not extend to claims against nonconsenting state defendants.").

Tennessee has not explicitly consented to being sued in federal court on state law tort claims. While a plaintiff may pursue certain claims for monetary damages against the state through the Tennessee Claims Commission, Tenn.Code.Ann. §§ 9-8-301-307, the state otherwise retains its immunity. *Stewart v. State*, 33 S.W.3d 785, 790 (Tenn. 2000) (holding that, outside the Tennessee

---

[6] A narrow exception to sovereign immunity also exists when a plaintiff is suing a state official for prospective relief in order to protect a constitutional right. *See Ex parte Young*, 209 U.S. 123, 155-57 (1908). This exception is not relevant to the instant lawsuit.

Claims Commission, "the state retains its immunity from suit, and a claimant may not seek relief from the state"). *Dismukes v. Comm'r, Tennessee Dep't of Children's Servs.*, No. 3:04-0170, 2006 WL 1102584, at *8 (M.D. Tenn. Apr. 25, 2006) (finding that sovereign immunity barred state law claims against Tennessee Department of Children's Services that were brought under the THRA, the Tennessee Public Protection Act, and common law retaliatory discharge). *See also, e.g., Jefferson v. Ferrer, Poirot, & Wansbrough*, No. 3:10-0754, 2011 WL 3025894, at *5 (M.D. Tenn. July 25, 2011) (finding that state waiver exception did not apply to plaintiff's negligence claims against Tennessee mental health agencies because Tennessee has consented to suit for negligence claims in Tennessee Claims Commission but not federal court), *report and recommendation adopted* by 2011 WL 5117789 (M.D.Tenn. Oct. 27, 2011) (Sharp, J.); *Burton v. Durnin*, No. 3:11-CV-429, 2012 WL 946747, at *7-8 (E.D.Tenn. Mar. 20, 2012) (finding that Tennessee has not consented to suit in federal court for state tort claims including negligence); *Johnson v. Tennessee*, No. 2:20-cv-02581-TLP-atc, 2021 WL 1823115, at *7-8 (W.D. Tenn. May 6, 2021) (finding that sovereign immunity barred plaintiff's state law claims, including negligence, because Tennessee has consented to suit within the Tennessee Claims Commission but not in federal court).

The Court further notes that it has already explicitly found in a prior Order issued in this action that Plaintiff's state law claim for retaliatory discharge in violation of Tenn. Code. Ann. 50-1-304 is lacking an arguable legal basis and is further barred from being heard by this Court because of the sovereign immunity of Defendant. (Docket Entry No. 5 at 7.) Plaintiff apparently ignored the Court's prior ruling on this claim when she again included it in the third amended complaint because nothing about the claim has changed since the Court's earlier ruling on the claim, and the claim continues to warrant dismissal for the same reasons as earlier stated by the Court.

Finally, the Court notes that, although Plaintiff has not specifically asserted in the third amended complaint that any of her claims are brought under the THRA, she nonetheless indicates in that pleading that at least her age discrimination claim is brought in part under the THRA. (Docket Entry No. 26 at ¶ 2.) However, the protection of sovereign immunity likewise extends to any THRA claims brought against Defendant in this lawsuit. *Boyd v. Tennessee State Univ.*, 848 F.Supp. 111, 114 (M.D. Tenn. 1994) ("There is no express consent by Tennessee, neither within the THRA nor elsewhere, to suit in federal court for claims under the THRA."), and, therefore, any THRA claims that exist in this lawsuit must also be dismissed because of sovereign immunity.

## RECOMMENDATION

Based on the foregoing, it is respectfully **RECOMMENDED** that:

1) the motion (Docket Entry No. 29) of Defendant Tennessee Department of Children's Services to partially dismiss the third amended complaint be **GRANTED**;

2) Plaintiff's ADEA claim, Fourteenth Amendment claim, state law claim of retaliatory discharge, state law claim of harassment and infliction of emotional distress, state law claim of negligent hiring, retention, and supervision, and any claims brought under the THRA be **DISMISSED** for the reasons set out herein; and,

3) Plaintiff's request for punitive damages under the ADA be **DISMISSED**.

**ANY OBJECTIONS** to this Report and Recommendation must be filed within fourteen (14) days of service of this Report and Recommendation and must state with particularity the specific portions of this Report and Recommendation to which objection is made. *See* Rule 72(b)(2) of the Federal Rules of Civil Procedure and Local Rule 72.02(a). Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140, 155 (1985); *United States v.*

*Walters*, 638 F.2d 947 (6th Cir. 1981). Any response to the objections must be filed within fourteen (14) days after service of objections. *See* Federal Rule 72(b)(2) and Local Rule 72.02(b).

Respectfully submitted,

_____
BARBARA D. HOLMES
United States Magistrate Judge