# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| MARCIA JORDAN, | ) |
| Plaintiff, | ) |
| | ) Case No. 3:23-cv-01258 |
| v. | ) (Consolidated with |
| | ) Case No. 3:24-cv-00834 |
| TENNESSEE DEPARTMENT OF | ) |
| CHILDREN'S SERVICES, | ) Judge Aleta A. Trauger |
| | ) |
| Defendant. | ) |

## MEMORANDUM

Before the court is plaintiff Marcia Jordan's Response in Opposition to Report and Recommendation (Doc. No. 38), which the court construes as objections to the Magistrate Judge's Report and Recommendation ("R&R") (Doc. No. 37). The R&R recommends that the Motion to Partially Dismiss Third Amended Complaint (Doc. No. 29) filed by defendant Tennessee Department of Children's Services ("TDCS") be granted.

For the reasons set forth herein, the plaintiff's objections will be overruled, and the R&R will be accepted in its entirety. The defendant's motion will be granted, and the plaintiff's substantive claims under the Fourteenth Amendment and the Age Discrimination in Employment Act ("ADEA") and her claim for punitive damages under the Americans with Disabilities Act ("ADA") will be dismissed for failure to state claims for which relief may be granted. Her state law claims will be dismissed for lack of jurisdiction, based on sovereign immunity.

## I. STANDARD OF REVIEW

Within fourteen days after being served with a report and recommendation as to a dispositive matter, any "party may serve and file specific written objections to [a magistrate

judge's] proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). The district court must review *de novo* any portion of the report and recommendation "that has been properly objected to." Fed. R. Civ. P. 72(b)(3). In conducting its review, the district court "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.*

The district court is not required to review—under a *de novo* or any other standard—those aspects of the report and recommendation to which no objection is made. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). The district court should adopt the magistrate judge's findings and rulings to which no specific objection is filed. *Id.* at 151. "The filing of vague, general, or conclusory objections does not meet the requirement of specific objections and is tantamount to a complete failure to object." *Cole v. Yukins*, 7 F. App'x 354, 356 (6th Cir. 2001); *see also Langley v. DaimlerChrysler Corp.*, 502 F.3d 475, 483 (6th Cir. 2007) (issues raised in a "perfunctory manner, unaccompanied by some effort at developed argumentation," are waived (quoting *Indeck Energy Servs., Inc. v. Consumers Energy Co.*, 250 F.3d 972, 979 (6th Cir. 2000))). Likewise, "[a] general objection to the entirety" of a magistrate judge's report and recommendation has the same effect as a complete failure to object. *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). Finally, arguments made in an objection to a magistrate judge's report and recommendation that were not first presented to the magistrate judge for consideration are deemed waived. *Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000).

Although *pro se* pleadings and filings are held to less stringent standards than those drafted by lawyers, *see, e.g.*, *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011), *pro se* litigants are not entirely exempt from the requirements of the Federal Rules of Civil Procedure. *See, e.g.*, *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989).

## II. PROCEDURAL HISTORY

This case has a complex procedural history that the court will not recite here and instead adopts the summary of the case history set out in detail in the R&R, with which the court presumes familiarity. It suffices here to say that the operative pleading in this consolidated case is the plaintiff's Third Amended Complaint ("TAC"). (Doc. No. 26.) In the TAC, the plaintiff seeks compensatory damages, punitive damages, and injunctive relief. In a somewhat confusing manner,[1] the plaintiff states the following claims:

1. "Disability & Age Discrimination, Harassment and Infliction of Emotional Distress" (*id.* § III(A) & ¶¶ 7–10);

2. "Failure to Accommodate" (*id.* § IV(A) & ¶¶ 12–17);

3. "Retaliatory Discharge" (*id.* § V(A) & ¶¶ 18-22);

4. "Age & Disability Discrimination in Violation of the Equal Protection and Due Process Clause of the 14th Amendment" (*id.* § VI & ¶¶ 23–27);

5. "Discrimination in Violation of the ADA" (*id.* § VII & ¶¶ 28–31);

6. "Retaliation in Violation of T.C.A. § 50-1-304" (*id.* § VIII & ¶¶ 32–35); and

7. "Negligent Hiring, Retention, and Supervision" (*id.* § VIIII [sic] & ¶¶ 36–39).

The TDCS seeks partial dismissal of the TAC, arguing that (1) the plaintiff's equal protection and due process claims in her fourth claim for relief are time-barred; (2) TDCS is entitled to sovereign immunity to all claims under state law, which must be dismissed without prejudice for lack of subject matter jurisdiction; (3) the plaintiff failed to administratively exhaust her ADEA claims; and (4) the plaintiff is not entitled to punitive damages under the ADA. (Doc. Nos. 29 (motion), 30 (supporting memorandum).)

---

[1] The TAC sets out "counts I, II, and III" as well as "first, second, third, and fourth causes of action," which are not necessarily the same as counts I, II, and III. The court, like the Magistrate Judge, articulates and refers to the claims as they are sequentially listed in the TAC.

The plaintiff filed an Opposition to the Motion to Partially Dismiss (Doc. No. 35), in which she characterizes the TAC as asserting claims for discrimination based on race, age, and disability, as well as a claim for wrongful discharge while she was on leave under the Family Medical Leave Act ("FMLA"). She argues that the court has supplemental jurisdiction over her state law claims based on 28 U.S.C. § 1367(a), including her claims under the Tennessee Human Rights Act ("THRA") and for retaliatory discharge under Tenn. Code Ann. § 50-1-304; that she administratively exhausted her ADEA claims in her two EEOC charges; and that her due process and equal protection claims were filed within one year of her receipt of her Notice of Right to Sue from the EEOC. (Doc. No. 35.) She concedes that punitive damages are not available under the ADA. (*Id.* at 6.)

The R&R exhaustively details the procedural history of this case and the claims set forth in the TAC. After considering the applicable law, the R&R recommends that the defendant's Motion to Partially Dismiss be granted in its entirety, for the reasons set forth in the defendant's motion. The Magistrate Judge's findings, the plaintiff's objections, and the court's resolution of those objections are set out below.

### III.   DISCUSSION

####   A.   Supplemental Jurisdiction

The plaintiff continues to argue that the court has supplemental jurisdiction over her state law claims because it has original jurisdiction over her federal claims. She does not address or acknowledge the Magistrate Judge's discussion of sovereign immunity or the reasons why the court lacks subject matter jurisdiction over the plaintiff's state law claims. In short, the plaintiff did not properly object to the recommended disposition of the state law claims.

The court has nonetheless reviewed the R&R's determination and finds that the Magistrate Judge correctly stated the law in this arena. The supplemental jurisdiction statute, 28 U.S.C.

§ 1367(a) does not abrogate the states' sovereign immunity from state law claims. *Thompson v. Whitmer*, No. 21-2602, 2022 WL 168395, at *5 (6th Cir. Jan. 19, 2022) (citing *Quern v. Jordan*, 440 U.S. 332, 340–41 (1979)). And the State of Tennessee and its agencies have retained sovereign immunity from state law claims in federal court. *Harris v. Sec'y of State*, No. 23-5833, 2024 WL 4225713, at *3 (6th Cir. May 29, 2024), *cert. denied sub nom. Harris v. Hargett*, 145 S. Ct. 594 (2024); *Berndt v. Tennessee*, 796 F.2d 879, 881 (6th Cir. 1986). TDCS, as a state agency, is absolutely immune from state law claims for money damages brought in federal court. The state law claims—including without limitation the claims for retaliatory discharge in violation of Tenn. Code. Ann. 50-1-304, negligent hiring, retention and supervision, and harassment and intentional infliction of emotional distress—will be dismissed without prejudice for lack of subject matter jurisdiction.

A further note regarding the plaintiff's retaliation claim is warranted. The R&R observes that the plaintiff's "claims of retaliatory discharge, Claim[] Nos. 3 and 6, are specifically asserted as claims for violations of Tenn. Code. Ann. § 50-1-304 in the third amended complaint." (Doc. No. 37 at 7 (citing Doc. No. 26 ¶¶ 1–2, 22, and 33–35).) The R&R points out that, despite the court's having previously advised the plaintiff that her state law retaliatory discharge claim would be subject to dismissal, and despite notifying her that she should use her opportunity to amend to "clarify whether she intended to claim retaliatory discharge and seek appropriate relief under the FMLA or another federal statute," the plaintiff did not clarify her retaliatory discharge claim or premise it upon the anti-retaliation provisions of either the ADA or the FMLA. (*Id.* (citing Doc. No. 5 at 7).)

In her objections to the R&R, the plaintiff continues to assert only that the court has supplemental jurisdiction over her state law claims, and she continues to articulate her retaliatory

discharge claim as a state law claim under Tenn. Code Ann. § 50-1-304. The plaintiff did not expressly object to the R&R's recommendation that her retaliation claim be dismissed in its entirety; nor has she attempted to argue that she brings her retaliation claim under the ADA—even though her second EEOC charge exhausted such a claim. Accordingly, the court will accept in its entirety the recommendation that the state law claims be dismissed without prejudice for failure to exhaust, which includes the retaliation claim under Tenn. Code Ann. § 50-1-304 in Claim Nos. 3 and 6.

### B. Exhaustion of Administrative Remedies for ADEA Claim

The plaintiff states that the Magistrate Judge erred in recommending dismissal of her age discrimination claims. She argues that her August 23, 2022 EEOC charge "assert[ed] claims for discrimination on the basis of disability, age, race, and failure to provide reasonable accommodations" and that she "updated" her charge after her discharge to assert a retaliatory discharge claim. (Doc. No. 35 at 4–5.)

The plaintiff is simply incorrect. The court has reviewed the two EEOC charges in the record. The first, dated August 23, 2022, asserts a claim for discrimination based on disability. (Doc. No. 30-1 at 2.) The plaintiff supports that claim with allegations that she was "discriminated against because of [her] disabilities and retaliated against for engaging in protected activity in violation of the Americans with Disabilities Act Amendments Act of 2008." (*Id.*) The EEOC charge filed on November 3, 2022 asserts discrimination based on "Disability, Retaliation." (Doc. No. 30-2 at 2.) In it, the plaintiff alleges that she was discharged on October 18, 2022, after filing her August 23, 2022 EEOC charge, and that she "believe[s] that [she has] been discriminated against based on [her] disability, and retaliated against for [her] protected activity, in violation of Title VII of the Civil Rights Act of 1964, as amended, and in violation of the Americans with

Disabilities Amendments Act of 2008." Neither charge remotely references age as a basis for discrimination. The plaintiff's ADEA claims are clearly subject to dismissal for failure to exhaust.

### C. Fourteenth Amendment Claim (Claim No. 4)

The R&R finds that the plaintiff cannot bring a direct claim for violation of the United States Constitution. The R&R liberally construes the Fourteenth Amendment claim as a claim under 42 U.S.C. § 1983 but finds that the claim is subject to the one-year limitations period set out in Tenn. Code Ann. § 28-3-104(a)(1)(B). That one-year period began running no later than October 19, 2022, the day on which the plaintiff was allegedly terminated from her employment, and expired on October 19, 2023, more than one month before the plaintiff initiated her lawsuit. The Magistrate Judge explains that the claim was not tolled pending administrative exhaustion of her employment related claims and, therefore, is clearly time-barred.

The plaintiff objects, reiterating the argument raised in her Opposition to the Motion to Partially Dismiss: that the four-year limitations period that applies to claims under 42 U.S.C. § 1981 should apply and, alternatively, that the claim is timely because it was filed within four years of the date she received her Notice of Right to Sue.

The Magistrate Judge correctly resolved this issue. First, as she explained, the plaintiff did not file suit under § 1981 and she has not remotely alleged claims for race discrimination, either in her EEOC charges or in the TAC. Second, it is well established that state law supplies the limitations period for § 1983 claims and that claims under § 1983 arising in Tennessee are governed by Tenn. Code Ann. § 28-3-104(a)(1)(B), which provides a one-year statute of limitations for "[c]ivil actions for compensatory or punitive damages, or both, brought under the federal civil rights statutes." *See Accord v. Anderson Cnty.*, No. 22-5206, 2022 WL 16825411, at *2 (6th Cir. Nov. 8, 2022); *Cox v. City of Jackson*, 811 F. App'x 284, 288 (6th Cir. 2020) (citing

*Johnson v. Memphis Light Gas & Water Div.*, 777 F.3d 838, 843 (6th Cir. 2015)). The plaintiff's first complaint was filed more than a year after her claim accrued.

Moreover, tolling issues are also governed by state law. *Wallace v. Kato*, 549 U.S. 384, 394 (2007); *Allen v. Fait*, No. 3:23-CV-119, 2023 WL 8101876, at *24 (M.D. Tenn. Nov. 21, 2023), *aff'd*, No. 23-6052, 2025 WL 488681 (6th Cir. Feb. 13, 2025). And Tennessee law does not provide for the tolling of the statute of limitations while a plaintiff pursues administrative remedies as required for federal discrimination claims. *Accord Jones v. Williamson Cnty. Bd. of Educ.*, No. 3:12-cv-0075, 2015 WL 751993, at *8 (M.D. Tenn. Feb. 23, 2015) (Sharp, C.J.) (citing *Johnson v. Ry. Express Agency, Inc.*, 421 U.S. 454, 466 (1975) (holding based on Tennessee state law that the plaintiff's § 1981 claim was not tolled pending exhaustion of his Title VII claim); *Simmons v. Middle Tenn. State Univ.*, 117 F.3d 1421 (Table), 1997 WL 400105, at *2–3 (6th Cir. July 11, 1997) (holding that Title VI claim was not tolled pending the plaintiff's pursuit of administrative remedies where the statute did not mandate exhaustion of administrative remedies)). Thus, the timely filing of the plaintiff's EEOC charges in this case did not toll the running of the limitations period for her claims for violations of the Fourteenth Amendment, which the court construes as brought under § 1983.

As it clearly appears from the face of the TAC that Claim No. 4, for violations of the Fourteenth Amendment, is time-barred, the Magistrate Judge did not err in reaching that conclusion. The Fourteenth Amendment claim, construed as a claim under § 1983 for violation of the plaintiff's right to equal protection and due process, will be dismissed as time-barred.

## IV. CONCLUSION

For the reasons set forth herein, the construed objections (Doc. No. 38) will be overruled, and the R&R (Doc. No. 37) will be accepted. The defendant's Motion to Partially Dismiss (Doc. No. 29) will be granted. An appropriate Order is filed herewith.

ALETA A. TRAUGER
United States District Judge