IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | |
|---|---|
| MARCIA JORDAN ) | |
| ) | Case No. 3:23-cv-01258 |
| v. ) | (consolidated with Case |
| ) | No. 3:24-cv-00834) |
| TENNESSEE DEPARTMENT OF ) | Trauger/Holmes |
| CHILDREN'S SERVICES ) | |

**TO:** Honorable Aleta A. Trauger, United States District Judge

### R E P O R T  A N D  R E C O M M E N D A T I O N

These consolidated *pro se* lawsuits are on referral to the Magistrate Judge for pretrial proceedings. *See* Order entered June 17, 2024 (Docket Entry No. 20) in Case No. 3:23-cv-01258 ("2023 Case") and Order entered August 12, 2024 (Docket Entry No. 11) in Case No. 3:24-cv-00834 ("2024 Case").

Pending before the Court are (1) Plaintiff's motion to remand and/or leave to amend (Docket Entry No. 43) and (2) Defendant's motion for judgement on the pleadings (Docket Entry No. 44). For the reasons set out below, the undersigned respectfully recommends that both motions be **DENIED**.

### I.  BACKGROUND

The Court presumes the parties' familiarity with this employment discrimination case,[1] and sees no need to re-summarize the entire case history, which is fully set out in the Report and Recommendation entered April 28, 2025. (Docket Entry No 37.) The Court will summarize only those procedural events that are relevant to determining the two instant motions.

---

[1] Unless otherwise noted, the Court shall hereinafter refer to the consolidated cases as a singular "case," "lawsuit," or "action." Further, unless otherwise noted, all references to docket entries are to entries in this lead case, No. 3:23-cv-01258.

Plaintiff initiated the instant litigation against Defendant by filing the 2023 Case, with a complaint and an application to proceed *in forma pauperis* that were filed on November 29, 2023. The 2023 case was dismissed after the Court found Plaintiff's original complaint and subsequent first amended complaint failed to assert plausible federal claims for relief (Docket Entry No. 13), and judgment was entered against Plaintiff. (Docket Entry No. 14.) After Plaintiff made several post-judgment filings, including a second amended complaint, the Court found that the amendment contained allegations that were sufficient to state a plausible claim of disability discrimination under the Americans with Disabilities Act, 42 U.S.C. §§ 12102, *et seq.* ("ADA"), and, in the interest of justice and in consideration of Plaintiff's *pro se* status, the Court re-opened the case and directed Plaintiff to return a completed service packet to the Clerk's Office so that process could issue in the case. (Docket Entry No. 20.)

Plaintiff subsequently (1) presented the Clerk's Office with a different complaint than the second amended complaint that had been filed in the 2023 Case and paid a filing fee, prompting the Clerk's Office to open the 2024 Case as a second and separate case and (2) provided the Clerk's Office with a completed service packet for the 2023 Case, leading to service of the second amended complaint in that case upon Defendant. Because of the confusion caused by the two separate but seemingly the same cases and multiple pleadings from Plaintiff, the Court consolidated the two cases in accordance with Federal Rule of Civil Procedure 42(a), denied without prejudice Defendant's then pending motion to dismiss the 2024 Case, and directed that:

> Plaintiff MUST FILE a new, single third amended complaint in **Case No. 23-cv-01258** that will become the operative pleading for all purposes. **Plaintiff should take care to clearly set out all of her claims and allegations in the new third amended complaint because she will not be permitted leave to make further amendments without a showing of extraordinary circumstance.**

Order entered October 25, 2024 (Docket Entry No. 25) at 3. (emphasis in original).

Plaintiff thereafter filed a third amended complaint (Docket Entry No 26), which Defendant challenged through a motion for partial dismissal. By Order and Memorandum entered June 18, 2025 (Docket Entry Nos. 41 and 42), the Court adopted a Report and Recommendation in its entirety, granted Defendant's motion to dismiss several claims, and narrowed the permissible claims in the lawsuit to claims of disability discrimination and failure to accommodate brought under the ADA.[2]

In the aftermath of the Court's resolution of the motion for partial dismissal and the narrowing of the claims in this lawsuit, Plaintiff filed the pending motion to remand and/or for leave to amend, Defendant filed an answer (Docket Entry No. 46) to the third amended complaint and the pending motion for judgment on the pleadings, and the Court entered a scheduling order (Docket Entry No. 51).

## II. MOTION FOR REMAND

By her motion, Plaintiff "requests that the Court exercise its discretion to remand the [dismissed] state law retaliatory discharge claim to the relevant state courts, where it originally arose." (Docket Entry No. 43 at 3.) Defendant states that it takes no position on Plaintiff's request for remand. (Docket Entry No. 53 at 1. n.1.)[3]

---

[2] The Court dismissed several claims: (1) federal claims for age discrimination and for violations of the Fourteenth Amendment; (2) a claim for punitive damages under the ADA, and; (3) state law claims for retaliatory discharge, harassment, infliction of emotional distress, and negligent hiring, retention, and supervision, and any claims brought under the Tennessee Human Rights Act. (Docket Entry No. 42 at 1-2.) The Court further noted that, as set out in the Report and Recommendation, Plaintiff's retaliatory discharge claim was not brought as a federal claim. (Docket Entry No. 41 at 5-6.) Finally, Plaintiff failed to object to the finding in the Report and Recommendation that the third amended complaint did not include allegations of racial discrimination and thus racial discrimination claims and claims brought under Title VII were not claims in this lawsuit. (Docket Entry No. 37 at 7.)

[3] The undersigned has addressed the portion of Plaintiff's motion that requests leave to amend, a request that Defendant opposes, in a separately entered Order.

The motion for remand has no merit and is therefore appropriately denied. Contrary to Plaintiff's assertion that the state law retaliatory discharge claims originally arose in state court, Plaintiff's lawsuit was not removed to this Court but was filed in federal court in the first instance. The Court simply cannot remand a case, or any claims therein, to state court when the case was not originally filed in state court and then removed to federal court. *First Nat. Bank of Pulaski v. Curry*, 301 F.3d 456, 467 (6th Cir. 2002) ("while a district court has the discretion to remand a case removed from state court, it may not remand a case that was never removed from state court"); *Jones v. City of Carlisle, Ky.*, 3 F.3d 945, 951 (6th Cir. 1993) ("The declaratory judgment action . . . was originally filed in district court. It was consequently improper for the district court to remand it to a state court."); *Boyd v. Tennessee State Univ.*, 848 F.Supp. 111, 115 (M.D.Tenn. 1994) ("since the original complaint was filed in this court rather than in state court, such a remand would be improper").

## II. MOTION FOR JUDGMENT ON THE PLEADINGS

Rule 12(c) provides that, "after the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed.R.Civ.P. 12(c). The standard for resolving a motion for judgment on the pleadings under Rule 12(c) mirrors the standard for resolving a motion to dismiss for failure to state a claim under Rule 12(b)(6). *Sensations, Inc. v. City of Grand Rapids*, 526 F.3d 291, 295 (6th Cir. 2008). Thus, in ruling on a Rule 12(c) motion, the Court must accept as true "all well-pleaded material allegations of the pleadings of the opposing party." *JPMorgan Chase Bank, N.A. v. Winget*, 510 F.3d 577, 581 (6th Cir. 2007). "[T]he motion may be granted only if the moving party is nevertheless clearly entitled to judgment." *Id*. (quoting *S. Ohio Bank v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 479 F.2d 478, 480 (6th Cir. 1973)). The court, however, "need not accept as true legal conclusions or unwarranted factual inferences." *Id*. at 581-

82 (quoting *Mixon v. Ohio*, 193 F.3d 389, 400 (6th Cir. 1999). A Rule 12(c) motion "is granted when no material issue of fact exists and the party making the motion is entitled to judgment as a matter of law." *Id.*

Defendant's sole argument that it is entitled to judgment on the pleadings does not actually challenge the sufficiency of Plaintiff's factual allegations. Instead, Defendant argues that, although Plaintiff's ADA claims survived the motion for partial dismissal, Defendant is entitled to judgment on the pleadings because Plaintiff did not bring her ADA claims under Title I of the ADA, which applies to claims arising from an employment situation, but brought the claims pursuant to Title II of the ADA. (Docket Entry No. 45 at 3-4.) Defendant argues that the prevailing law is that Title II, which proscribes discrimination on the basis of disability with respect to "the benefits of the services, programs, or activities of a public entity[,]" 42 U.S.C. 12132, does not apply to claims for employment discrimination and, thus, Plaintiff fails to present plausible ADA claims. (*Id.*) Plaintiff responded to the motion but fails to address the actual argument made by Defendant and instead argues against a Rule 12(b)(6) dismissal of her ADA claims, as well as against dismissal of Title VII claims even though Title VII claims are not a part of the case. (Docket Entry Nos. 48 and 52.)

Nevertheless, the argument raised by Defendant in support of its motion lacks merit. While Defendant correctly points out that Plaintiff's third amended complaint does specifically state that she brings her ADA claims under "Title II" (Docket Entry No. 26 at 1), Plaintiff nonetheless follows the citation to Title II with a specific reference to "42 U.S.C. sections 12112 to 12117," which are the statutory provisions for Title I. (*Id.*) Thus, Plaintiff's third amended complaint, although certainly not a model of clarity, does contains a specific reference Title I, and she has sufficiently pled that her claims of disability discrimination and failure to accommodate are brought under the

5

protections of Title I. This is especially so given the liberal construction the Court must afford to *pro se* pleadings. *Boswell v. Mayer*, 169 F.3d 384, 387 (6th Cir. 1999).

## RECOMMENDATION

Based on the foregoing, it is respectfully **RECOMMENDED** that:

(1) Plaintiff's motion to remand (Docket Entry No. 43) be **DENIED** and

(2) Defendant's motion for judgement on the pleadings (Docket Entry No. 44) be **DENIED**.

**ANY OBJECTIONS** to this Report and Recommendation must be filed within fourteen (14) days of service of this Report and Recommendation and must state with particularity the specific portions of this Report and Recommendation to which objection is made. *See* Rule 72(b)(2) of the Federal Rules of Civil Procedure and Local Rule 72.02(a). Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140, 155 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Any response to the objections must be filed within fourteen (14) days after service of objections. *See* Federal Rule 72(b)(2) and Local Rule 72.02(b).

Respectfully submitted,

BARBARA D. HOLMES
United States Magistrate Judge